## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on May 7, 2019**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| v. | : | **Grand Jury Original** |
| | : | |
| **MICHELLE LAYTON,** | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| | : | **18 U.S.C. § 1001(a)(2) (False Statements)** |
| **Defendant.** | : | |
| | : | |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment:

### Introduction

1.      The National Background Investigations Bureau ("NBIB") was a government contracting agency—which is now known as the Defense Counter Intelligence and Security Agency ("DCSA")—that conducted background investigations on behalf of the Office of Personnel Management ("OPM"), an agency within the executive branch of the United States Government. OPM is headquartered in Washington, D.C.  NBIB was responsible for conducting background investigations of individuals who were either employed by or seeking employment with federal agencies or government contractors.  The purpose of the background investigations included determining individuals' suitability to receive or retain security clearances and to hold positions of public trust, including positions requiring access to classified information and impacting national security.

2.      The defendant, MICHELLE LAYTON, was employed as a background investigator for NBIB.  In that role, LAYTON's responsibilities included performing background investigations

for individuals seeking positions with the Department of Defense, Department of the Air Force, Department of the Army, and Department of the Navy, including positions requiring a security clearance. LAYTON worked in NBIB's Phoenix, Arizona field office.

3.      To perform background investigations on individual subjects, investigators such as LAYTON would conduct interviews of people familiar with the work or background of the subject and obtain and review documentary evidence, such as employment records, disciplinary records, education records, and rental records, to verify and corroborate information provided by either the subject or by persons interviewed during the investigation.  After conducting interviews and obtaining documentary evidence, investigators would prepare a Report of Investigation ("ROI"), containing the results of the interviews and records reviews, and would electronically submit the ROI to OPM, through the OPM's mainframe computer, located in Washington, D.C.  OPM would then provide a copy of the report and investigative file to the requesting agency and maintain a copy in its records system.

4.      LAYTON, in her role as a background investigator, and in return for the salary she was paid, owed NBIB and OPM a duty to prepare truthful and accurate ROIs.  OPM relied upon investigators, such as LAYTON, to prepare and submit accurate and truthful ROIs, so that OPM could, in turn, provide accurate and truthful information to the agencies who requested the background checks.  The requesting agencies utilized and relied upon the ROIs prepared by investigators such as LAYTON to determine whether the subjects of these investigations were suitable for the positions and/or clearances for which they were under consideration.

## COUNTS ONE THROUGH ELEVEN
### (Wire Fraud, 18 U.S.C. § 1343)

5.        Paragraphs 1 through 4 of this Indictment are hereby re-alleged.

6.        Between on or about February 16, 2018, and on or about April 24, 2019, in the District of Columbia and elsewhere, the defendant,

**MICHELLE LAYTON,**

devised and intended to devise a scheme to defraud and to obtain money and property from OPM and NBIB by means of materially false and fraudulent pretenses, representations, and promises, as described more fully below.

### Purpose of the Scheme to Defraud

7.        It was a purpose of the scheme to defraud for LAYTON to maintain her NBIB employment and collect her full salary under the false pretense that she was fulfilling her duty to perform accurate and truthful background investigations—investigations that she in fact fabricated.

### Manner and Means

8.        LAYTON perpetrated the scheme to defraud by submitting to OPM ROIs with material misrepresentations, which lent the false appearance that she was fulfilling her duty to perform accurate and truthful background investigations.  Specifically:

  a.        LAYTON claimed to have interviewed sources whom she had not in fact interviewed;

  b.        LAYTON claimed to have conducted records checks that she had not in fact conducted; and

  c.        LAYTON fabricated information for ROIs to fill gaps from interviews and records checks that she deliberately neglected to conduct.

3

### Execution of the Scheme

9.     For the purpose of executing the above-described scheme to defraud, LAYTON transmitted and caused to be transmitted by means of wire communication in interstate commerce, into and through the District of Columbia, writings, signals, and sounds; that is—on or about the dates in the table below, LAYTON electronically connected to OPM's mainframe computer from Phoenix, Arizona and transmitted to OPM, in the District of Columbia, the following ROIs, each of which contained a material misrepresentation in furtherance of the scheme to defraud, constituting a separate Count in the Indictment:

| Count | Date | Description |
|-------|------|-------------|
| ONE | 2/16/2018 | The ROI identified in Count Twelve of the Indictment. |
| TWO | 4/20/2018 | The ROI identified in Count Thirteen of the Indictment. |
| THREE | 5/11/2018 | The ROI identified in Count Fourteen of the Indictment. |
| FOUR | 6/14/2018 | The ROI identified in Count Fifteen of the Indictment. |
| FIVE | 6/14/2018 | The ROI identified in Count Sixteen of the Indictment. |
| SIX | 8/17/2018 | The ROI identified in Count Seventeen of the Indictment. |
| SEVEN | 8/21/2018 | The ROI identified in Count Eighteen of the Indictment. |
| EIGHT | 8/24/2018 | The ROI identified in Count Nineteen of the Indictment. |
| NINE | 10/16/2018 | The ROI identified in Count Twenty of the Indictment. |
| TEN | 1/9/2019 | The ROI identified in Count Twenty-One of the Indictment. |
| ELEVEN | 2/26/2019 | The ROI identified in Count Twenty-Two of the Indictment. |

**(Wire Fraud, In Violation of Title 18, United States Code, Section 1343)**

## COUNTS TWELVE THROUGH TWENTY-TWO
### (False Statements, 18 U.S.C. § 1001(a)(2))

10.     Paragraphs 1 through 4 of this Indictment are hereby re-alleged.

11.     On or about the dates in the table below, in the District of Columbia and elsewhere, in matters within the jurisdiction of the executive branch of the Government of the United States, the defendant,

### MICHELLE LAYTON,

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations; that is—LAYTON submitted and caused to be submitted to OPM the below listed ROIs, each of which contained a materially false representation, constituting a separate Count in the Indictment:

| Count | Date | Description |
|---|---|---|
| TWELVE | 2/16/2018 | In a background investigation of J.A. for a position with the Department of the Army, LAYTON submitted an ROI in which she falsely reported that she had interviewed M.B. |
| THIRTEEN | 4/20/2018 | In a background investigation of P.K. for a position with the Department of Defense, LAYTON submitted an ROI in which she falsely reported that she had interviewed B.M. |
| FOURTEEN | 5/11/2018 | In a background investigation of S.B. for a position with the Department of the Navy, LAYTON submitted an ROI in which she falsely reported that she had interviewed M.M. |
| FIFTEEN | 6/14/2018 | In a background investigation of D.G. for a position with the Department of Defense, LAYTON submitted an ROI in which she falsely reported that she had interviewed M.L. |
| SIXTEEN | 6/14/2018 | In a background investigation of J.P. for a position with the Department of Defense, LAYTON submitted an ROI in which she falsely reported that she had interviewed M.L. |

| Count | Date | Description |
|-------|------|-------------|
| SEVENTEEN | 8/17/2018 | In a background investigation of W.M. for a position with the Department of the Army, LAYTON submitted an ROI in which she falsely reported that she had interviewed K.W. |
| EIGHTEEN | 8/21/2018 | In a background investigation of C.P. for a position with the Department of the Navy, LAYTON submitted an ROI in which she falsely reported that she had conducted a records check with source G.M. |
| NINETEEN | 8/24/2018 | In a background investigation of V.G. for a position with the Department of the Navy, LAYTON submitted an ROI in which she falsely reported that she had interviewed M.D. |
| TWENTY | 10/16/2018 | In a background investigation of T.D. for a position with the Department of the Air Force, LAYTON submitted an ROI in which she falsely reported that she had interviewed C.S. |
| TWENTY-ONE | 1/9/2019 | In a background investigation of B.N. for a position with the Department of the Air Force, LAYTON submitted an ROI in which she falsely reported that she had conducted a records check with source L.K. |
| TWENTY-TWO | 2/26/2019 | In a background investigation of M.K. for a position with the Department of Defense, LAYTON submitted an ROI in which she falsely reported that she had interviewed R.J. |

**(False Statements, In Violation of Title 18, United States Code, Section 1001(a)(2))**

A TRUE BILL

FOREPERSON

Michael R. Sherwin / JES

ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA